# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOSHUA VENTURES INTERNATIONAL INC., )
                                         Plaintiff, )   Case No. 2:05-cv-01018-PMP (GWF)

vs. )   **ORDER**

CLARE MORSE, et al., )   (Emergency Plaintiff's Motion for Order
                                                     of Contempt and Sanctions Against
                              Defendants. )   Defendant Morse - #30)
_____)

      This matter is before the Court on *Emergency* Plaintiff's Motion For Order of Contempt and Sanctions Against Defendant Morse Pursuant to FRCP 37 (#30), filed on March 14, 2007; Pro se Defendant Clare Morse's Motion to Establish Date For Deposition ad Affidavit Re: Deposition (#34), which was faxed to the Court on March 15, 2007 and filed on March 19, 2007; and Plaintiff's Supplement to *Emergency* Plaintiff's Motion For Order of Contempt and Sanctions Against Defendant Morse Pursuant to FRCP 37 (#36), filed on March 21, 2007. The Court conducted a hearing on this matter on March 21, 2007, at which time attorney Matt Pawlowski, Esq. appeared on behalf of Defendant Morse.

## BACKGROUND

      On February 26, 2007, the Court granted Plaintiff's Motion for Order to Compel Against Defendant Morse and For Sanctions Pursuant to FRCP 37 (#26) for Defendant's failure to appear for

his properly noticed deposition on December 18, 2006.[1] Plaintiff previously noticed the deposition of Defendant Clare Morse in June 2006. In response to that notice, Defendant filed a motion for protective order (#16) stating that he was unable to appear for his deposition due to bodily injuries he sustained after being bucked off a horse. Due to Defendant's reported medical condition, Plaintiff agreed to postpone his deposition until he was medically able to attend a deposition and the Court granted extensions of the discovery cut-off date in light thereof. Plaintiff subsequently learned that Defendant Morse was ambulatory and renoticed his deposition for December 18, 2006. Prior to that date, Plaintiff rejected Defendant Morse's requests, through his Utah attorney (who has not appeared as counsel in this action), to further postpone Mr. Morse's deposition. Defendant Morse did not appear for his scheduled deposition on December 18, 2006. The Court therefore granted Plaintiff's Motion to Compel Defendant Morse to appear for his deposition on or before March 21, 2007. *See Order* (#29), filed on February 26, 2007. The Court also awarded Plaintiff sanctions in the amount of $2,000 for attorney's fees and $115 in costs incurred in scheduling the deposition that Defendant Morse did not attend and in pursuing the motion to compel. The Court further stated in its order (#29) that if Defendant Morse did not appear for his deposition, the Court would recommend that his answer and counterclaim be stricken and his default may be entered.

Pursuant to the Court's order (#29), Plaintiff's counsel renoticed Defendant Morse's deposition for March 14, 2007 at 1:00 p.m. and served notice of the deposition by mail on February 26, 2007 and also faxed the notice of deposition to Defendant Morse that same day. According to Plaintiff's counsel on March 13, 2007, he faxed a letter to Defendant Morse, notifying him of Plaintiff's new office address and advising him that the deposition would go forward as scheduled on March 14th. On March 14, 2007, Plaintiff's counsel received a telephone call from an unlicensed Utah attorney at approximately 10:15 a.m. who advised that Defendant Morse had received Plaintiff's counsel's March 13th letter, and had also received the Court's order (#29), but stated that Defendant did not receive the prior notice of his deposition for March 14, 2007, which had been previously served by mail and

---

[1] Defendant Morse did not file a response to Plaintiff's Motion for Order to Compel Against Defendant Morse and For Sanctions Pursuant to FRCP 37 (#26) or appear at the hearing on that motion on February 23, 2007.

1  facsimile transmission.  The Utah attorney also stated that Defendant Morse believed that he had until
2  March 21, 2007 to appear for his deposition.   Believing that Defendant Morse was simply continuing
3  to stall the taking of his deposition and that he had no good faith reason for not appearing for his
4  deposition on March 14, 2007, Plaintiff's counsel refused to postpone the deposition and filed the
5  instant emergency motion for an order of contempt and sanctions against Defendant Morse.

## **DISCUSSION**

7  Pursuant to the Court's statement in its February 26, 2007 order (#29), Plaintiff requests that the
8  Court impose the severe sanction of striking Defendant Morse's answer and counterclaim and entering
9  his default pursuant to Fed.R.Civ.Pro. 37(b) (C) for his failure to appear for his deposition on March 14,
10 2007.  In regard to imposition of the severe sanction of dismissal or default, *Henry v. Gill Industries,*
11 983 F.2d 943, 948 (9th Cir. 1993) states:

> "Because the sanction of dismissal is such a harsh penalty, the district court must weigh five factors before imposing dismissal: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Porter v. Martinez*, 941 F.2d 732,733 (9th Cir. 1991) (citations and internal punctuation omitted).

17  The first two factors favor the imposition of sanctions in most cases, while the fourth factor cuts
18 against a dismissal or default sanction.  Thus, the key factors are prejudice and the availability of lesser
19 sanctions.  *Henry,* 983 F.2d at 948, *citing Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).
20 For dismissal to be proper, the conduct to be sanctioned must also be due to willfulness, fault or bad
21 faith by the losing party.  *Henry*, 983 F.2d at 947-48, *citing Fjelstad v. American Honda Motor Co.*, 762
22 F.2d 1334, 1337 (9th Cir. 1985); *see also Valley Engineers Inc. v. Electric Engineering Company*, 158
23 F.3d 1051 (9th Cir. 1998); *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 348
24 (9th Cir. 1995) (applying same test under court's inherent power to sanction); and *Leon v. IDX Systems*
25 *Corp.*, 464 F.3d 951 (9th Cir. 2006) (applying same test under court's inherent power to sanction).  In
26 deciding whether dismissal or default is warranted, the court may consider all of the offending party's
27 discovery conduct.  *Henry*, 983 F.2d at 947, *citing Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1411
28 (9th Cir. 1990).   The severe sanction of dismissal or default may imposed, in appropriate

1  circumstances, based on a party's repeated failure to appear for his deposition. *Henry, supra.*

2  In this case, Defendant Morse's failure to appear for his deposition on March 14, 2007, combined by his previous failure to appear for his deposition on December 18, 2006, justifies a finding of willful or bad faith misconduct. Defendant has offered the Court no reason to believe, other than his say-so, that he did not receive the notice of deposition for March 14, 2007 that Plaintiff's counsel both mailed and faxed to him on February 26, 2007. If Defendant Morse did not receive the notice for his deposition on March 14, 2007, which the Court seriously doubts, he might have been confused by the Court's order (#29) regarding the date he was required to appear for his deposition. On the morning of March 14, 2007, an attorney for Defendant Morse, who is reportedly unlicensed, contacted Plaintiff's counsel and attempted to postpone the deposition to March 21, 2007 which was within the deadline imposed by the Court for Defendant Morse to appear for his deposition. Thus, Defendant's failure to appear for his deposition is ameliorated to some degree by his alleged willingness to appear one week later on March 21st. In its February 26, 2007 order (#29), the Court reopened discovery until April 14, 2007 to complete the deposition of Defendant Morse. Therefore, allowing Mr. Morse's deposition to be taken prior to that date will not delay the discovery completion schedule or other pretrial deadlines in this case.

Plaintiff and its counsel, however, have once again been clearly inconvenienced, and to some extent prejudiced, by Defendant's failure to comply with his discovery obligations and the Court's order that he appear for his deposition. Although grounds exist to find willful and bad faith conduct by Defendant Morse, his misconduct, and the prejudice to Plaintiff is not so great, as to justify imposition of severe sanction of striking his answer and counterclaim. The Court also gives some consideration to Defendant Morse's status as a *pro se* litigant in determining the appropriateness of severe sanctions. Willful misconduct is not excusable, however, regardless of whether or not the party is represented by counsel. The Court concludes, however, that imposition of additional monetary sanctions against Defendant Morse should be sufficient to cause him to comply with his discovery obligations and with court orders. If not, then more severe sanctions, including default and dismissal, will be entertained.

The Court, having considered and weighed all of the factors in this matter, concludes that imposition of the severe sanction of striking Defendant Morse's answer and counterclaim is not

justified by the circumstances. The Court, however, does not accept Defendant Morse's assertion that he did not receive the notice of the deposition mailed and faxed to him on February 26, 2007. Therefore, Defendant Morse's failure to timely contact Defendant's counsel prior to March 14, 2007 to either confirm the date for his deposition or to seek a brief postponement until on or before March 21, 2007 is not excusable and warrants the imposition of further sanctions. Accordingly,

**IT IS HEREBY ORDERED** that the *Emergency* Plaintiff's Motion For Order of Contempt and Sanctions Against Defendant Morse Pursuant to FRCP 37 (#30) is **granted and denied**, in part, as follows:

1. Defendant Clare Morse is hereby ordered to appear for his deposition on or before March 30, 2007, at a date and time to be noticed by Plaintiff's counsel, which notice of deposition shall be served on Defendant's counsel Matt Pawlowski, Esq.

2. Plaintiff is awarded its reasonable attorney' fees and costs incurred in noticing Defendant Morse's deposition for March 14, 2007 and the reasonable attorneys fees and costs incurred by Plaintiff in regard its *Emergency* Plaintiff's Motion For Order of Contempt and Sanctions Against Defendant Morse Pursuant to FRCP 37 (#30). Counsel for Plaintiff shall, no later than 15 days from entry of this order, serve and file a memorandum, supported by the affidavit of counsel, establishing the amount of attorney's fees and costs incurred in the matters addressed in this order. The memorandum shall provide a reasonable itemization and description of the work performed, identify the attorney(s) or other staff member(s) performing the work, the customary fee of the attorney(s) or staff member(s) for such work, and the experience, reputation and ability of the attorney performing the work. The attorney's affidavit shall authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and a statement that the fees and costs charged are reasonable.

3. Counsel for Defendant shall have 15 days from service of the memorandum of costs and attorney's fees in which to file a responsive memorandum addressing the reasonableness of the costs and fees sought, and any equitable considerations deemed appropriate for the court to consider in determining the amount of costs and fees which should be awarded.

. . .

1  4. Counsel for Plaintiffs shall have <u>11 days</u> from service of the responsive memorandum in which to file a reply.

**IT IS FURTHER ORDERED** that in addition to the award of attorney's fees and costs incurred by Plaintiff in filing its *Emergency* Plaintiff's Motion For Order of Contempt and Sanctions Against Defendant Morse Pursuant to FRCP 37 (#30), an additional sanction, in the form of a fine in the amount of One Thousand Dollars ($1,000.00), is awarded against Defendant Morse. Defendant shall pay this sanction within <u>30 days</u> from the filing of this Order.

**IT IS FURTHER ORDERED** that if Defendant has not yet paid the sanctions awarded against him in the Court's order (#29), filed on February 26, 2007, he shall do so within <u>30 days</u> of the filing of this Order.

**IT IS FURTHER ORDERED** that if Defendant Morse fails to appear for his deposition as renoticed by Plaintiff for a date and time on or before March 30, 2007, or to pay the sanctions imposed upon him, the Court shall recommend that Defendant Morse's answer and counterclaim be stricken and that his default be entered.

DATED this 23rd day of March, 2007.

_____
GEORGE FOLEY, JR.
U.S. MAGISTRATE JUDGE